UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Duane Smith, ) | CASE NO. 4:25 CV 780 |
|       Plaintiff, ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | ORDER OF DISMISSAL |
| Youngstown Police Department, *et al.*, ) | |
|       Defendants. ) | |

*Pro se* Plaintiff Duane Smith, a New York resident, has filed a civil rights complaint in this case against the Youngstown Police Department, Emerines Towing Inc., and the Mahoning Valley Law Enforcement Task Force. (Doc. No. 1). He did not pay the filing fee, but instead, filed an application to proceed *in forma pauperis* ("IFP application"). (Doc. No. 2.) His IFP application is implausible and deficient on its face.

Plaintiff responded "0'" or "N/A" to every question on his IFP application regarding his financial circumstances, thus representing to the Court that he has no income or assets or support of any kind, and no living expenses, including for food, shelter, or utilities. He offers no further cogent explanation to explain his responses.

It is inconceivable that Plaintiff has no means of support or source of income from any source, and no living expenses. The Court notes that Plaintiff lists a phone number on his application, which suggests that he has utility expenses, yet he fails to disclose such an expense to the Court.

At best, Plaintiff has failed to make a sincere attempt to properly complete his IFP application. Construed less generously, it appears that the application was not completed truthfully. Title 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of court filing fees by filing a sworn application to proceed in forma pauperis. But proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "Under [§ 1915(a)], the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401-B/P, 2006 WL 27184, at *1 (W.D. Tenn. Jan. 5, 2006). "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Plaintiff has not provided the Court with credible or plausible information regarding his income, expenses, and other factors bearing upon his ability to pay the filing fee. The Court is therefore unable to fulfill its obligation to assess Plaintiff's indigent status. *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed on appeal IFP where plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacks the financial resources to pay the filing fee) (citing *Flippin*, 107 F. App'x at 521); *see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (finding that the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value).

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied, and this action is dismissed. If Plaintiff wishes to proceed with the case, he may move to reopen

it within fifteen (15) days of the date of this Order by paying the full filing fee of $405.00 and filing a Motion to Reopen contemporaneous with his payment of the full filing fee. The Court will not accept any document for filing unless the filing fee is first paid in its entirety.

    IT IS SO ORDERED.


July 17, 2025                                    /s/ John R. Adams
DATE                                            JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE